**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000031**
**24-OCT-2012**
**08:25 AM**

NO. CAAP-11-0000031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
FRANCIS K. KEKONA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 06-1-0224)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant, Francis K. Kekona (Kekona) appeals from the "Judgment of Conviction and Sentence (Counts I and III) Notice of Entry," entered December 20, 2010 in the Circuit Court of the First Circuit[1] (circuit court).  After a jury trial, the circuit court convicted Kekona of Hawaii Revised Statutes (HRS) § 707-713 (1993), reckless endangering of the first degree (Count I) and HRS § 134-07(b) and (h) (Supp. 2005), ownership or possession prohibited of any firearm or ammunition by a person convicted of certain crimes.

On appeal, Kekona contends the circuit court erred when:

---

[1]  The Honorable Virginia Lea Crandall presided.

(1) it failed to grant Kekona's Motion for Judgment of Acquittal (Motion for Acquittal);

(2) the evidence was insufficient to prove guilt beyond a reasonable doubt;

(3) the jury instructions given by the court resulted in reversible error; and

(4) Plaintiff-Appellee State of Hawaiʻi (State) committed prosecutorial misconduct to Kekona's substantial prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Kekona's appeal is without merit.

## III. DISCUSSION

(1) Kekona contends the circuit court improperly denied his Motion for Acquittal where substantial evidence supports his claim of defense of self and others.

Kekona testified that on December 27, 2005, he intentionally fired a firearm at the victim's occupied vehicle, striking the windshield. Subsequently, SOH charged Kekona with reckless endangering in the first degree.

The primary issue before the court was Kekona's state of mind. "[S]tate of mind is a fact that must be determined by the trier of fact based on direct and circumstantial evidence adduced at trial." State v. Van Dyke, 101 Hawaiʻi 377, 387, 69 P.3d 88, 98 (2003) (internal quotation marks, citation and brackets omitted). A reasonable mind might fairly conclude that Kekona intentionally fired the firearm with the intent, knowledge, or reckless disregard to cause the victim's death or injury. The Motion for Acquittal was properly denied. State v. Meyers, 112 Hawaiʻi 278, 288, 145 P.3d 821, 831 (App. 2006).

(2) Kekona argues his actions were justified by the claim of defense of self and others and by choice of evils. Kekona testified he did not intend to cause the death or injury of the victim, but fired the gun out of fear in order to scare his alleged aggressor into retreating. Kekona also challenges the credibility of the SOH's main witness against him.

Though Kekona presented evidence to support his defense, a "verdict based on conflicting evidence will not be set aside where there is substantial evidence to support the . . . findings." State v. Sua, 92 Hawai'i 61, 69, 987 P.2d 959, 967 (1999) (internal quotation marks omitted). Substantial evidence supports the verdict. It is for the jury to determine witness credibility and weight of evidence, not this court. State v. Bailey, 126 Hawai'i 383, 406, 271 P.3d 1142, 1165 (2012).

(3) Kekona contends the circuit court erred in giving jury instructions that were prejudicially insufficient, erroneous, inconsistent, misleading, and led to substantial prejudice against him. Kekona argues the circuit court confused the jury by providing instructions regarding the included offenses of attempted assault in the first and second degree. On the verdict sheet for Count I, the jury foreman marked the line for "Reckless Endangering in the First Degree." On the same form, the jury was to answer a special interrogatory only if the jury found Kekona guilty of attempted murder or attempted assault. On the form, the jury foreman marked the "Yes" line for the interrogatory and wrote "N/A" and his initials next to the mark. The circuit court clarified the markings with the jury foreman and ensured the foreman understood that the interrogatory was inapplicable based on the jury's unanimous decision to convict Kekona of reckless endangerment. The jury foreman confirmed there was no confusion as to which interrogatory

3

applied and the verdict reached by the jury demonstrated no contradiction or confusion.

Kekona argues the jury decision not to convict Kekona of attempted assault supports his contention that the court erred in providing the instruction. The evidence provided a rational basis to warrant instruction on attempted assault. The instruction was not in error. State v. Behrendt, 124 Hawai'i 90, 109, 237 P.3d 1156, 1175 (2010); See also Dolan v. Hilo Med. Ctr., 127 Hawai'i 325, 343, 278 P.3d 382, 400 (App. 2012).

(4) Kekona contends prosecutorial misconduct during closing arguments denied him a fair trial.

Kekona asserts the SOH improperly attacked the credibility of Kekona's counsel to undermine the credibility of Kekona's witness. During closing arguments the SOH said, "But most damning of all of [witness's] testimony is this. He spoke with the defendant and his attorney before he spoke with the police." Kekona objected to the statement and requested a mistrial. The circuit court denied the request.

The SOH may "draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence." State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996) (internal quotation marks omitted). In this case, the witness testified he spoke with Kekona and Kekona's counsel before speaking with police about the events at issue. It is not prosecutorial misconduct to challenge the credibility of a witness based on the testimony at trial. State v. Carvalho, 106 Hawai'i 13, 17, 100 P.3d 607, 611 (App. 2004), cert. denied, 106 Hawai'i 37, 100 P.3d 968 (2004).

Kekona challenges SOH's closing argument regarding fingerprint evidence on the record. During closing arguments, the SOH argued:

> When you look at [SOH's] Exhibit No. 67, you'll
> clearly see the fingerprint card recovered by evidence

> specialist . . . . Interior right rear passenger window.
> That means the print is on the inside of the window and not
> on the outside.
>
> . . . It defies reason and common sense that [Kekona] put
> his fingerprint on the interior of the window as he was leaning on
> the outside of it.

The SOH's argument draws inferences from evidence on the record and was not misleading or improper.

Kekona contends the SOH's repeated use of "I" during closing arguments improperly placed the SOH's personal opinion before the jury. Kekona takes issue with the phrases such as "I will explain" and "I ask you" as personal opinions. The SOH also said: "I will return to these points," "I shared with you," and "Plenty words I know." These types of phrases spoken by the SOH do contain the word "I", however, these statements do not constitute personal opinion. In State v. Marsh, the Hawai'i Supreme Court deemed the statement "I'm sure she committed the crime," an improper assertion of personal opinion. State v. Marsh, 68 Haw. 659, 660, 728 P.2d 1301, 1302 (1986). Similarly, in State v. Sanchez, the statement "I didn't see anybody," was deemed an improper assertion of personal opinion. State v. Sanchez, 82 Hawai'i 517, 534, 923 P.2d 934, 951 (App. 1996). In the instant case, the SOH's use of the word "I" does not refer to any personal opinion and is not improper.

Kekona contends the SOH improperly raised his prior conviction to improperly attack his character. During closing arguments the SOH said, "On that day they meet up with yet another convicted felon[.]" Kekona objected to the comment and requested a mistrial. The circuit court overruled the objection and denied the request. Kekona had previously stipulated into evidence that he was a convicted felon.

Assuming arguendo that the statement was improper, it was harmless beyond a reasonable doubt given the evidence supporting Kekona's conviction. Kekona admitted he fired a

5

firearm at the victim's vehicle knowing the victim was still inside.  Kekona stipulated to possessing a firearm despite his prior conviction.  The SOH's comments did not adversely prejudice Kekona's right to a fair trial.  See e.g., State v. Ganal, 81 Hawai'i 358, 377, 917 P.2d 370, 389 (1996); State v. Knight, 80 Hawai'i 318, 327, 909 P.2d 1133, 1142 (1996).

Therefore,

IT IS HEREBY ORDERED that the "Judgment of Conviction and Sentence (Counts I and III) Notice of Entry," entered December 20, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 24, 2012.

On the briefs:

Richard S. Kawana
for Defendant-Appellant.

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6